# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | 1:23-cr-00175-RP |
| | § | |
| **QUENTIN EMANUEL WILSON** | § | |
| *Defendant* | § | |

## Order On Petition for Action on Conditions of Pretrial Release

This matter came before the Court on February 22, 2024, for a hearing on the Pretrial Services Office's Petition for Action on Conditions of Release, signed by the Court on February 14, 2024 (the "Petition") (Dkt. 32). The revocation proceeding was held in accordance with the Federal Rules of Criminal Procedure and 18 U.S.C. § 3148.

On October 3, 2023, a grand jury in the United States District Court for the Western District of Texas, Austin Division, indicted Defendant Quentin Emanuel Wilson on one count of Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C)). Dkt. 3. Defendant was arrested and ordered released on conditions on October 16, 2023. Dkt. 23. Trial is set for April 8, 2024. Dkt. 31.

The Petition alleges that Defendant submitted a urine specimen on January 30, 2024 that was confirmed positive for benzoylecgonine-cocaine metabolite. Dkt. 32 at 1. Defendant admitted to ingesting cocaine and drinking alcohol at a bar. *Id.*

The Court has considered the Pretrial Services Report, the Petition, Defendant's testimony, and the evidence and arguments of counsel for Defendant and for the government at the revocation hearing. Based on the uncontroverted record evidence, pursuant to 18 U.S.C. § 3148(b)(1)(B), the Court finds that there is clear and convincing evidence that Defendant has

1

violated Conditions of his release 7(l), requiring that he must not use alcohol at all, and 7(m), requiring that he not use or unlawfully possess a narcotic drug or other controlled substance defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner.

Nonetheless, the Court finds that, based on the factors set forth in 18 U.S.C. § 3142(g), there are conditions of release that will assure that Defendant is not likely to flee or pose a danger to the safety of any other person or the community if he remains on release, and that he is likely to abide by such conditions. *See* 18 U.S.C. §§ 3142 and 3148. Defendant informed the Court that since the violation, he has obtained full-time employment and remains willing to make his best efforts in outpatient treatment. Defendant was admonished that the frequency of his prohibited substance testing will increase, as will his outpatient treatment sessions, and that any further violation is likely to result in revocation of his pretrial release.

Accordingly, Defendant is **HEREBY ORDERED** to abide by all conditions in the Order Setting Conditions of Release (Dkt. 23) and follow all instructions from Pretrial Services.

It is **FURTHER ORDERED** that the Petition for Action on Conditions of Pretrial Release (Dkt. 32) is **DENIED**.

**SIGNED** February 22, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE