# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | 1:23-cr-00175-RP |
| | § | |
| **QUENTIN EMANUEL WILSON** | § | |
| *Defendant* | § | |

## Order On Petition for Action on Conditions of Pretrial Release

This matter came before the Court on March 25, 2024, for a hearing on the Pretrial Services Office's Petition for Action on Conditions of Release, signed by the Court on March 6, 2024 ("Second Petition") (Dkt. 38). The revocation proceeding was held in accordance with the Federal Rules of Criminal Procedure and 18 U.S.C. § 3148.

On October 3, 2023, a grand jury in the United States District Court for the Western District of Texas, Austin Division, indicted Defendant Quentin Emanuel Wilson on one count of Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C)). Dkt. 3. Defendant was arrested and ordered released on conditions on October 16, 2023. Dkt. 23. Defendant is set to plead guilty on this same day. Dkt. 43.

In a petition submitted February 14, 2024, Pretrial Services alleged that Defendant submitted a urine specimen on January 30, 2024 that was confirmed positive for benzoylecgonine-cocaine metabolite. Dkt. 32 at 1. Defendant admitted to ingesting cocaine and drinking alcohol at a bar. *Id.* The Court held a hearing on February 22, 2024 and found, pursuant to 18 U.S.C. § 3148(b)(1)(B), that there was clear and convincing evidence that Defendant violated Conditions of his release 7(l), requiring that he must not use alcohol at all, and 7(m), requiring that he not use or unlawfully possess a narcotic drug or other controlled substance defined in

1

21 U.S.C. § 802 unless prescribed by a licensed medical practitioner. Dkt. 37. Nevertheless, the Court denied the petition. Dkt. 37. The Court admonished Defendant that the frequency of his prohibited substance testing would increase, as would his outpatient treatment sessions, and that any further violation would be likely to result in revocation of his pretrial release. *Id.*

The Second Petition alleges that Defendant again violated Condition 7(m) of his release by submitting a urinalysis test that returned positive results for cocaine metabolite on February 29, 2024. Dkt. 38 at 1. The result was confirmed on March 8, 2024, and Defendant admitted use at the hearing. The Second Petition alleges that Defendant also violated Condition 7(o), to participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer, by failing to attend his scheduled individual substance abuse counseling session on March 5, 2024. *Id.*

The Court has considered the Pretrial Services Report, the Second Petition, Defendant's testimony during the hearing, and the arguments of counsel for Defendant and for the government at the revocation hearing. Based on the uncontroverted record evidence and Defendant's admission, pursuant to 18 U.S.C. § 3148(b)(1)(B), the Court finds that there is clear and convincing evidence that Defendant has violated Conditions of his release 7(m), requiring that he not use or unlawfully possess a narcotic drug or other controlled substance defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner, and 7(o), to participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer. Based on his repeated violations, the Court also finds, pursuant to 18 U.S.C. § 3148(b)(2)(B), that Defendant is unlikely to abide by any condition or combination of conditions of release.

For these reasons, it is **ORDERED** that the Petition for Action on Conditions of Pretrial Release (Dkt. 38) is **GRANTED**, Defendant's previous release on conditions is **REVOKED**, and Defendant is **HEREBY DETAINED** pending further proceedings in this case.

### Directions Regarding Detention

Defendant is remanded to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SIGNED** March 25, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE